{¶ 14} I concur in the majority's analysis and disposition of appellant's first assignment of error and part of his second assignment of error. Unlike the majority, I do not believe a review of appellant's claim of ineffectiveness by his trial counsel for failing to file a motion to dismiss on speedy trial grounds mandates a review of the plea hearing transcript. Appellant plead guilty as charged and received an agreed sentence of six years in prison. Under these circumstances, I do not believe it would be "mere conjecture" to determine prejudice occurred if, in fact, a motion to dismiss would have been successful.
 {¶ 15} I concur because I believe it is premature to conclude a motion to dismiss would have been successful. Until raised via an appropriate post-conviction motion, this Court is unable to determine if any reason existed to toll the speedy trial statute. The State must be given the opportunity to demonstrate the statute has not been violated. Accordingly, I concur in the majority's decision to affirm appellant's conviction at this time.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Costs to appellant.